## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**TONYA ANN HUNTER,**                    CASE NO. 3:24 CV 157

    Plaintiff,

    v.                                   JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                           **MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Plaintiff Tonya Ann Hunter seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Reuben J. Sheperd for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Sheperd recommends this Court affirm the Commissioner's final decision. (Doc. 12). Plaintiff filed objections to the R&R (Doc. 13), and the Commissioner filed a response thereto (Doc. 14). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in May 2022, alleging a disability onset date of March 30, 2009. *See* Tr. 17. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on February 14, 2023, finding Plaintiff not disabled. (Tr. 17-32). This appeal ultimately followed. (Doc. 1).

Plaintiff raised three arguments regarding the ALJ's decision to the Magistrate Judge: (1) the ALJ erred when her residual functional capacity ("RFC") determination failed to include the

fact that Plaintiff was unable to leave her house; (2) the ALJ erred at Step Three of the Sequential Evaluation when she failed to find Plaintiff disabled; and (3) the ALJ failed to properly evaluate the opinions of treating source Felicia Fior-Nossek, APRN-CNS, in accordance with 20 C.F.R. § 404.1520c.

In his R&R, Judge Sheperd concluded the ALJ committed no reversible error and recommends the Court affirm the Commissioner's decision. *See* Doc. 12.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

DISCUSSION[1]

Plaintiff raises a single, albeit multifaceted, objection to the R&R. She argues the R&R's conclusion that the ALJ properly evaluated the opinion of Ms. For-Nossek, including the fact that Plaintiff could leave the house alone, "is factually and legally incorrect." (Doc. 13, at 2). The Court disagrees.

Plaintiff's objection largely consists of record citations that she asserts support Ms. Fior-Nossek's opinion and her own hearing testimony that she is unable to leave the home. *See* Doc. 13, at 2-3. However, upon *de novo* review, the Court agrees with the R&R's analysis. The ALJ thoroughly reviewed the record evidence, including Plaintiff's treatment with Ms. Fior-Nossek. *See* Tr. 25-27. In so doing, she reviewed both the evidence arguably supporting such a limitation and that detracting from it. Even if a preponderance of the evidence supports the claimant's position, the Commissioner's decision still cannot be overturned "so long as substantial evidence also supports the conclusion reached by the ALJ." *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 416 (6th Cir. 2020) (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)). At base, Plaintiff's objection to the Magistrate Judge's R&R, and to the ALJ's underlying decision, reflects a disagreement over conflicts in the evidence. Plaintiff's argument essentially asks the Court to reweigh the evidence and reach a different conclusion. But this the Court cannot do. *See Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm [the ALJ's] decision because substantial evidence supports it."); *see also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court

---

1. Neither party objects Judge Sheperd's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Sheperd.

3

may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility.")

Although Plaintiff can point to evidence suggesting she is more limited than the ALJ found, the Court finds substantial evidence also supports the ALJ's omission of the argued limitation. Thus, the Court agrees with the R&R's conclusion that "a reasonable mind can find sufficient evidence to support the ALJ's determination to refrain from its inclusion. Accordingly, the RFC falls within the ALJ's zone of choice and must not be disturbed." (Doc. 12, at 18).

The Court further agrees with the R&R's conclusion that the ALJ followed the relevant regulation in evaluating Ms. Fior-Nossek's opinion and that the decision was well-articulated and supported by substantial evidence. As required by 20 C.F.R. § 404.1520c, the ALJ addressed the persuasiveness of this opinion, expressly addressing the opinion's supportability and consistency. The Court therefore finds Plaintiff's objections not well-taken.

CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Sheperd's R&R (Doc. 12) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 *s/ James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2024